# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BRUCE SELTSER,<br><br>                      Plaintiff,<br>  vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | CASE NO. 12-CV-2590-LAB-WVG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## I.   Introduction

Seltser challenges the denial of his claim for disability benefits under the Social Security Act. The challenge was referred to Magistrate Judge Gallo for a Report and Recommendation pursuant to 28 U.S.C. § 636, after which Seltser and the Commissioner filed cross-motions for summary judgment. Judge Gallo issued his R&R, finding that Seltser's summary judgment motion should be denied and the Commissioner's summary judgment motion should be granted.

The Court reviews an R&R on dispositive motions pursuant to Fed. R. Civ. P. 72(b): "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

## II. Legal Standard

To qualify for social security benefits, Seltser must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). He'll be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

It is Seltser's burden to show that he is disabled and entitled to benefits. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If he can make that showing the burden ultimately shifts to the Commissioner to show that he is still able to work and that there is work available for him. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

There is a five-step, sequential evaluation that an ALJ must follow in determining whether a claimant is eligible for disability benefits. First, he must not be engaged in a substantial gainful activity. If he is, benefits are denied. Second, his alleged impairments must be sufficiently severe that they limit his ability to work. If they're not, benefits are denied. Third, the impairment must meet or equal a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. If it does not, benefits are denied. Fourth, the claimant must lack the residual functioning capacity, or RFC, to perform his past work. If he does not, benefits are denied. Finally, the claimant's RFC, in view of his age, education, and past work experience, must be inadequate to allow him to adjust to other work in the national economy. *See Sout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).

The Court will only reverse the ALJ's denial of benefits if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla but less than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citation omitted). Where the record supports more than one rational interpretation, the Court must defer to the ALJ's decision. *Bayliss*, 427 F.3d at 1214 n.1; *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

### III. Discussion

The R&R recommends that the Court uphold the ALJ's denial of benefits to Seltser. The Court will address Seltser's objections to the R&R in sequence.

#### A. Dr. Green's Testimony

Seltser first complains that the ALJ didn't give enough credit to the opinion of his treating psychologist, Dr. Green, that he is mentally impaired. For example, he says that "[t]he ALJ, the Defendant, and the MJRR rely heavily on the somewhat unusual nature of plaintiff's ongoing professional relationship with Dr. Green and the fact that Dr. Green has referred to himself on some occasions in the past as a 'vocational psychologist' as a basis to disregard all together, or give 'little weight' to Dr. Green's opinions." (Obj. at 5.) Seltser argues that Dr. Green *is* a licensed psychologist, and that he *did* diagnose Seltser as showing signs of depression, including appetite and sleep disturbance, difficulty focusing, and thoughts of suicide. (Obj. at 6–8.)

This objection is **OVERRULED**. While the opinion of treating physicians is entitled to significant weight *as a general rule*, an ALJ may disregard it for specific and legitimate reasons that are based on substantial evidence in the record. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, if the opinion of a treating physician is brief, conclusory, or not supported by clinical findings, it may be discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). It only receives controlling weight if it's well-supported by

/ / /

established diagnostic techniques and not inconsistent with other evidence. 20 C.F.R. § 404.1527(d)(2).

The ALJ gave adequate reasons for not treating Dr. Green's opinion as definitive. He did, it is true, question whether Dr. Green is even a licensed clinical psychologist, but he went on to say Dr. Green "has failed to provide any treatment records that support his conclusion," and that his only treatment of Seltser was over the telephone during which he simply registered Seltser's subjective reports. (Tr. at 29.) Likewise, he found that Seltser has never taken any medication for a mental health condition, and that there is no evidence that he has been hospitalized for depression, anxiety, or any other mental health condition. (*Id.*) The ALJ was further skeptical of Seltser's explanation for not seeking out a more local psychologist, finding his explanation that he is anxious and does not know anyone unconvincing. (*Id.*) Dr. Green's opinion was also contradicted by the consultive examiner Dr. Engelhorn. (*Id.*) Finally, the ALJ simply found Seltser not to be entirely credible: "These findings are indicative that the claimant's complaints are not fully substantiated by the objective medical conclusions and his symptoms may not have been as limiting as the claimant has alleged in connection with this application." (*Id.* at 30.)

The R&R concludes that "the ALJ gave specific and legitimate reasons supported by substantial evidence in the record for according little weight to Dr. Green's opinion. The ALJ's RFC assessment was supported by the opinion of Dr. Engelhorn, and objective evidence in the record." (R&R at 30.) The Court agrees. Seltser's objection to the R&R is **OVERRULED**.

### B.   Seltser's Mental Impairment

Seltser's next objection is that the ALJ was wrong to find that he doesn't suffer from a severe mental impairment. This objection is largely duplicative of Seltser's first objection because it rests on the ALJ's treatment of Dr. Green's opinion. "When, as in this case, evidence is not given its rightful place in the analysis, the error begins right then and there, and all analysis that follows suffers from the initial error." (Obj. at 9.) Because the Court has

/ / /

already overruled Seltser's objection to the status given to Dr. Green's opinion by the ALJ, this objection is also **OVERRULED**.

### C. Seltser's Non-Severe Mental Impairments

Seltser's next objection is that *even if* the ALJ's finding that he doesn't suffer from a severe mental impairment must be respected, the ALJ still erred by not aggregating his non-severe impairments into his RFC. As Seltser puts it, RFC "is a term of art which designates the claimant's <u>maximum</u> function-by-function ability to perform work activities despite her physical or mental impairments which must consider all the evidence and must consider in the RFC formulation even those impairments the ALJ determines to be 'not severe.'" (Obj. at 10.) The R&R acknowledges that this is how the analysis must proceed. (R&R at 3–4.)

The first problem with this objection, as the Commissioner's reply brief notes, is that it appears to be a new argument. But even looking past that, the Court sees no basis for it. The ALJ found that Seltser's "medically determinable mental impairments of depression and anxiety did not cause more than minimal limitation in [his] ability to perform basic mental work activities and was therefore nonsevere." (Tr. at 26.) He then explained this finding by noting that Seltser had only "mild limitations" in the functional areas of daily living, social functioning, and concentration, persistence, and pace. (*Id.*) The ALJ then explained:

> [These limitations] . . . are not a residual functioning capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functioning capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in Paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96–8p). (Tr. at 27.)

The Commissioner is right to argue in her reply, then, that "these findings are not appropriate for inclusion in an RFC assessment, as they merely characterize Plaintiff's limitations in broad categories. In contrast, an RFC finding does not define limitations, but it describes Plaintiff's capabilities despite his limitations." (Reply. Br. at 3.)

Seltser's argument that the ALJ should have factored the "mild limitations" he noted into his RFC finding isn't supported by the regulations or the caselaw. "The Social Security

Rulings provide that the mild, moderate, or severe limitations in the broad categories of activities of daily living, social functioning, and concentration, persistence, or pace, that are assessed as part of the psychiatric review technique 'are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.'" *Soto v. Colvin*, 2013 WL 3071263 at *2 (C.D. Cal. June 17, 2013) (citing Soc. Sec. Ruling 96-8p). This objection is **OVERRULED**.

### D. Seltser's *Severe* Mental Impairment

Seltser's fourth objection to the R&R, following on his previous objections, is that the presence of a severe mental impairment undermines the ALJ's conclusion that Seltser can perform skilled or semi-skilled work. He says that "the presence of a 'severe' mental impairment undermines the ALJ's finding that Mr. Seltser can perform skilled work; the presence of 'severe' mental impairments 'significantly erode(s) the *unskilled* job base', no less skilled jobs." (Obj. at 12–13.) The Court's treatment of Seltser's previous objections, however, implies the rejection of this one, because it assumes that Seltser does in fact suffer from a severe mental impairment. The R&R finds that "the ALJ properly weighed the evidence in the record and determined that the evidence supports a finding that Plaintiff has no severe mental impairment, nor any related mental limitations," and the Court has already agreed with that. (R&R at 30.)

There is also the additional point, which Respondent argues in her reply, that *even if* Seltser suffers from a severe mental impairment that doesn't compel the conclusion that he can't perform skilled or unskilled work. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228–29 (9th Cir. 2009) ("Bray offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities.").

### E. Opinion of Seltser's Pain Management Specialists

Seltser argues that the ALJ didn't give proper credit to the opinion of his treating pain managements specialists, presumably Drs. McKeon and David. (His objection does not say.) He complains that the examining physician, Dr. Sabourin, didn't refer to any of

- 6 -

Seltser's records in his own report and evaluation, and that "the lack of context provided by such records and opinions undermines this one-time examining physician's opinion contrary to al other opinions of record." (Obj. at 13.)

This objection merely repeats an argument that Seltser made previously and that the R&R thoroughly addressed. This is how the R&R addressed it:

> Dr. David's opinion appears on a fill-in-the-blank form, with no notes attached to it. His records that are included in the record are marginal. Dr. David did not cite any medical testing results or objective observations to support his conclusions as to Plaintiff's RFC. Further, his opinion conflicts with the substantial evidence of record, which documents less severe limitations. The ALJ found that Dr. David did not adequately consider the entire record, including the statements of collateral sources and the objective findings of other treating physicians. The ALJ noted that the objective evidence in the record does not support the level of severity that Dr. David assigns. After listing the reasons above, the ALJ stated that he gave Dr. David's opinion little weight. (R&R at 33–34.)

The Court accepts that analysis. As with Dr. Green's opinion, the opinion of a treating physician may be overlooked or discounted by an ALJ for certain specified reasons. The Court finds that the reasons given by the ALJ for his discounting of Dr. David's opinion were satisfactory. (*See* Tr. at 31.) Seltser's fifth objection to the R&R is therefore **OVERRULED**.

### F. Conflict Between Vocational Expert's Opinion and DOT

Seltser's final objection to the R&R, like the previous objection, is mostly a restatement of argument he previously offered concerning the testimony of a vocational expert. It isn't stated very clearly in the objection, but the thrust of the objection seems to be that the vocational expert's opinion as to what work Seltser is capable of lacks any foundation, and is inconsistent with Seltser's own testimony (and his lawyer's research):

> The most obvious inconsistency is the witness's testimony that use of a computer was an unskilled aspect of an otherwise skilled job. As demonstrated in Plaintiff's main brief, without even a response, no less contradiction, by defendant, undersigned counsel has searched the DOT for jobs including use of a computer, or data entry, and this search reveals that every such job (and there are hundreds of them) is a "skilled" or "semiskilled job." (Obj. at 15.)

/ / /

/ / /

1 | The problem with this objection, as the Commissioner's reply points out, is that it's premised
2 | on Seltser's own research and beliefs, not that of another vocational expert. Also, the R&R
3 | even concedes that the ALJ didn't ask if there were any inconsistencies between the VE's
4 | testimony and the DOT, but concludes nonetheless that the error was harmless because
5 | there was no unresolved conflict between the two with respect to an insurance claims clerk
6 | position. The Court accepts that conclusion. (R&R at 37–38.)

**IV. Conclusion**

For the reasons given above, each of Seltser's objections to the R&R is **OVERRULED**, and the Court **ADOPTS** the R&R in full. Seltser's motion for summary judgment is **DENIED**, and the Commissioner's motion is **GRANTED**. The Clerk shall close this case.

**IT IS SO ORDERED**.

DATED: March 28, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge